IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHRISTOPHER RIFFE,**

      **Plaintiff,**                                                                           **CASE NO. 1:23-CV-00456**

    vs.

**DOLGENCORP, LLC d/b/a
DOLLAR GENERAL,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is ***Plaintiffs' Motion for Remand and Memorandum of Law in Support*** (ECF No. 5) and ***Defendant's Response to Plaintiff's Motion to Remand*** (ECF No. 6).[1] For the reasons set forth *infra*, the Court **GRANTS** *Plaintiff's Motion for Remand*.

### Background

On June 27, 2023, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446 (ECF No. 1); the Defendant included several exhibits in support of the Notice, which collectively concern the complaint filed by the Plaintiff on May 10, 2023 in the Circuit Court of Mercer County, West Virginia (see, e.g., ECF No. 1-1). The Plaintiff has alleged sustaining injuries

---

[1] The Defendant asserted it filed the Notice of Removal because the Plaintiff alleged his injuries were permanent and debilitating, suggesting the amount in controversy (AIC) was greater than $75,000, and also because the AIC was not specifically alleged. The Defendant further asserted it was unaware that the Plaintiff's alleged damages fell well below this threshold until he filed his motion for remand. Noting the Defendant's amenability on this particular jurisdictional issue, on August 15, 2023, the undersigned issued an Order directing the Plaintiff to file a more definite statement to allow the Court to properly ascertain the AIC in this case by August 21, 2023, and allowing the Defendant to file any response to same by August 24, 2023. (ECF No. 11). The Plaintiff filed an Amended Complaint on August 23, 2023 (ECF No. 16). The Defendant has elected not to file a response to same, indicating acquiescence to the Plaintiff's motion, accordingly, the undersigned **FINDS** this matter is ripe for decision.

1

as a result of a slip and fall in the Defendant's store located in Rock, Mercer County, West Virginia.[2]

### Legal Standard

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441; see also, 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."); Scaralto v. Ferrell, 826 F.Supp.2d 960, 967 (S.D.W. Va. 2011) (Goodwin, J.) ("The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands.").

### Discussion

The issue presented here is straightforward: it is apparent from the Plaintiff's recently filed Amended Complaint the AIC falls below the $75,000 threshold to meet the jurisdictional requirements under Section 1332.

Section 1446(c)(3)(A) states:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), *information relating to the amount in controversy in the record of the State proceeding,* or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A) (emphasis added).

---

[2] Initially, the undersigned was assigned to dispose of all discovery disputes in this matter (ECF No. 2), subsequently, following the entry of the Rule 26(f) Report of Planning Meeting (ECF No. 7), this matter was transferred to the undersigned for all further proceedings, including entry of final judgment (ECF No. 9).

In determining when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and the documents exchanged in the case." Lovern v. Gen. Motors. Corp., 121 F.3d 160, 162 (4th Cir.1997). The circumstances here indicate the Defendant had grounds for removal, as the original complaint suggested the AIC would support federal jurisdiction. Further, having only learned after removal of the Plaintiff's alleged minimal damages, the Defendant's conduct was reasonable. Nevertheless, given the Plaintiff's Amended Complaint is clear that the AIC is below the jurisdictional threshold, the ***Plaintiff's Motion for Remand*** (ECF No. 5) is **GRANTED**. This action is hereby **REMANDED** to the Mercer County Circuit Court.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record and a certified copy to the clerk of court for Mercer County Circuit Court.

**ENTER: August 31, 2023**.

Omar J. Aboulhosn
United States Magistrate Judge